876 F.2d 1008
 278 U.S.App.D.C. 130
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Delroy A. MARTIN, a/k/a Clive A. Grant, Defendant-Appellant.
 No. 88-3084.
 United States Court of Appeals, District of Columbia Circuit.
 June 21, 1989.
 
 Before ABNER J. MIKVA and STEPHEN F. WILLIAMS, Circuit Judges, and HUBERT L. WILL,* Senior District Judge.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments presented by counsel. The court has determined, after full review of the case, that disposition without published opinion is appropriate. See D.C.Cir.R. 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 4
 Martin argues that he was illegally detained by an Amtrak investigator and a DEA agent at Union Station and that the detention tainted the subsequent sniff and search of his bag. However, the government's asking of questions is not a seizure so long as a reasonable person in defendant's position would have believed he was free to go. United States v. Lloyd, 868 F.2d 447, 450-51 (D.C.Cir.1989). Martin and Barnes were questioned in the afternoon in the public lobby of Union Station by two agents under circumstances which would indicate that they were free to leave if they so chose. For example, the testimony indicated that Martin and Barnes produced tickets and identifications which the agents did not keep, but returned to them. Although Martin and Barnes testified that they were not free to leave, the trial judge chose to discredit their testimony. We will not disturb his conclusions as to the credibility of witnesses.
 
 
 5
 Martin argues that even if the questioning were not a seizure, his consent to the sniff and search of his bag was not voluntary. The district court's factual findings on these consent issues are not clearly erroneous as shown by their similarity to the facts in Lloyd in which we found voluntary consent. The trial court found no evidence of coercive circumstances which would show lack of voluntariness. However, even if Martin had not consented to the sniff and the search, those actions did not violate Martin's Fourth Amendment rights for the following reasons. The sniffing of Martin's bag in a public place did not constitute a seizure in violation of the Fourth Amendment. United States v. Place, 462 U.S. 696, 707 (1983). In addition, once Max 25 (the dog) had reacted positively to the bag, the agents had probable cause to search it. Although the agents had no warrant to search the bag, this case falls within the exigent circumstances exception, since a delay to obtain a warrant would have prevented the agents from finding the cocaine in Martin's possession. See United States v. Giles, 536 F.2d 136, 139 (6th Cir.1976); United States v. Birmley, 529 F.2d 103, 106 (6th Cir.1976).
 
 
 6
 With regard to the admission of evidence that Martin had sold cocaine to an undercover agent fourteen months before the date of the present offense, our precedents have clearly held that such evidence may be presented in the government's case-in-chief when it is clear that mistake or lack of knowledge are fairly expected as a defense. United States v. Moore, 732 F.2d 983, 987-88 (D.C.Cir.1984). In the present case, the relevance of such evidence is particularly shown by the fact that the defendant took the stand to deny knowledge of the cocaine in his bag.
 
 
 7
 For the reasons given, Martin's conviction is affirmed.
 
 
 
 *
 of the United States District Court, Northern District of Illinois, Eastern Division, sitting by designation pursuant to 28 U.S.C. Sec. 294(d)